E-FILED; Baltimore County Circuit Court
Docket: 8/24/2026 12:46 PM; Submission: 8/24/2026 12:46 PM
Envelope: 27939243

**IN THE CIRCUIT COURT FOR**
**BALTIMORE COUNTY, MARYLAND**

| | |
|---|---|
| KAYLAH HEATH,<br>3203 Hiss Avenue<br>Parkville, Maryland 21234<br><br>on her own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE MICHAELS COMPANIES, INC.<br>d/b/a MICHAELS,<br>3939 West John Carpenter Freeway<br>Irving, Texas 75063<br><br>Serve on:<br>Corporation Service Company,<br>251 Little Falls Drive<br>Wilmington, Delaware 19808<br><br>Defendant. | CASE NO.: C-03-CV-26-003908<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

**CLASS ACTION COMPLAINT**

1. Plaintiff Kaylah Heath ("Plaintiff"), individually and on behalf of all others similarly situated, brings this action against Defendant The Michaels Companies, Inc. d/b/a Michaels ("Michaels" or "Defendant") to recover statutory damages, attorneys' fees, and costs arising from Defendant's transmission of commercial emails containing false or misleading information in the subject line, in violation of the Maryland Commercial Electronic Mail Act, Md. Code Ann., Com. Law § 14-3001, *et seq.* Plaintiff makes the following allegations upon information and belief, except as to her own actions, the investigation of her counsel, and facts that are a matter of public record.

## NATURE OF THE ACTION

2. This is a class action against Michaels for false and misleading email marketing.

3. Michaels sends marketing emails that misrepresent the duration of given promotions, in an apparent effort to drive sales by creating a false sense of urgency and scarcity. The subject lines of these emails falsely claim that a sale or discount is about to expire—using phrases such as “Last day!,” “Ends soon!,” “ENDS TODAY,” “until tomorrow,” and “LAST DAY”—when, in reality, the same promotion continues after the represented deadline, is “extended” the very next day, or recurs shortly thereafter. In several instances, the body or fine print of the very same email discloses a validity period that extends well beyond the imminent deadline trumpeted in the subject line.

4. Michaels’ practice of sending emails with subject lines that misrepresent a promotion’s deadline—representing that a sale is ending when in fact the same promotion continues, is extended, or recurs—violates the Maryland Commercial Electronic Mail Act, Maryland Code Annotated, Commercial Law § 14-3001, *et seq.* (“MCEMA”).

5. The fact that such deadline statements are false and misleading has been recognized by the Federal Trade Commission, which directs that sellers should not "make a ‘limited’ offer which, in fact, is not limited." 16 C.F.R. § 233.5; *see also Brown v. Old Navy, LLC,* 4 Wash. 3d 580, 567 P.3d 38 (2025*)* (recognizing that such false or misleading emails violate Washington’s Commercial Electronic Mail Act, Revised Code of Wash., § 19.190.020, *et seq.*, the statute upon which MCEMA was based).

6. By sending emails with subject lines containing false and misleading information to Plaintiff and the Class (defined below), Michaels violates MCEMA.

7. By sending these false and misleading emails, Michaels intends to deceive the recipients.

8. Plaintiff brings this action as a class action on behalf of persons residing in Maryland, to whom Michaels sent emails with false and/or misleading subject lines. Plaintiff's requested relief includes an award to Plaintiff and Class members of statutory and exemplary damages for each illegal email, and an award of attorneys' fees and costs.

**JURISDICTION AND VENUE**

9. The Circuit Court of Maryland has jurisdiction over this case under Md. Code Ann., Cts. & Jud. Proc. § 1-501.

10. The Circuit Court of Maryland has personal jurisdiction over Defendant Michaels pursuant to Md. Code Ann., Cts. & Jud. Proc. § 6-103(b)(1)-(3), as Michaels systematically and continually transacts business in Maryland, maintains leases and/or operates stores in the state of Maryland, this case arises, in part, out of a transaction that took place within Maryland, and Michaels contracts to supply goods or services in Maryland.

11. Venue is proper in this Court pursuant to Md. Code Ann., Cts. & Jud. Proc. § 6-201, *et seq.*, because Defendant carries on a regular business in this County and because a portion of the cause of action arose in this County.

**PARTIES**

12. Plaintiff Kaylah Heath is a natural person currently residing in Parkville, MD 21234 (Baltimore County).

13. Defendant The Michaels Companies, Inc. d/b/a Michaels is a corporation doing business within this state, with its principal place of business located at 3939 West John Carpenter Freeway, Irving, Texas 75063. Michaels may be served through its registered agent, Corporation

Service Company, at 251 Little Falls Drive, Wilmington, Delaware 19808. Michaels is the entity that transmits Michaels' commercial marketing emails, as reflected in the sender information and copyright notice of those emails.

## FACTUAL ALLEGATIONS

### A. MCEMA prohibits initiating or conspiring to initiate the transmission of commercial e-mails with false or misleading information in the subject lines.

14. MCEMA, by its terms, regulates deceptive email marketing.

15. MCEMA was enacted to protect consumers' interests in being free from deceptive commercial e-mails.

16. An injury occurs under MCEMA any time a commercial e-mail is transmitted that contains false or misleading information in the subject line.

17. Under MCEMA, it is irrelevant whether misleading commercial e-mails were solicited.

18. MCEMA creates an independent, limited, private right of action, which can be asserted by a person who is the recipient of a commercial electronic mail message which contains false or misleading information in the subject line that has the capacity, tendency, or effect of deceiving the recipient. *See, e.g.*, MCEMA § 14-3001, *et seq.*

19. Violations of MCEMA create standalone causes of action.

20. MCEMA was modeled on Washington's Commercial Electronic Mail Act, Revised Code of Washington § 19.190.020, *et seq.*, and the two statutes share materially identical prohibitions on false or misleading information in the subject line of a commercial e-mail. Md. Code Ann., Com. Law § 14-3001, *et seq.*, should therefore be construed consistently with Washington's statute.

21. In *Brown v. Old Navy, LLC*, 4 Wash. 3d 580, 567 P.3d 38 (2025), the Washington Supreme Court held that this prohibition reaches any false or misleading information in a commercial e-mail's subject line, and is not limited to information that disguises the commercial nature of the e-mail.

22. The false and misleading information in Michaels' subject lines was material to Plaintiff and the Class. Michaels uses deadline claims in its subject lines because they work—a subject line warning that a sale is about to end makes recipients more likely to open the email and make a purchase. Because those claims drive whether a recipient opens the email and shops, the truth of the claims matters to the recipient.

**B. <u>Michaels initiated (or conspired to initiate) the transmission of commercial e-mails with false or misleading subject lines.</u>**

23. Michaels has initiated (or conspired to initiate) the transmission of commercial electronic mail messages with false or misleading information in the subject lines to Plaintiff and members of the Class.

24. The emails were electronic mail messages, in that they were each an electronic message sent to an electronic mail address; the emails from Michaels also referred to an internet domain, whether or not displayed, to which an electronic mail message can or could be sent or delivered.

25. Michaels sent the emails for the purpose of promoting its goods for sale.

26. The emails were sent at Michaels' direction and were approved by Michaels.

27. Michaels' emails frequently advertise the "limited" or "ending" nature of sales and discounts in the subject line—representing that a promotion is on its "last day," "ends soon," or "ends today"—without disclosing, in the subject line itself, that the represented deadline is false

because the same promotion continues, is extended, or recurs. Examples of such emails sent to Plaintiff are set forth in the table below.

28. By stating that a sale is ending at a specific time, Michaels suggests an offer's rarity or urgency, stimulating consumers' desire to get the deal before it's gone while simultaneously inducing fear of missing a good buy.

29. Michaels designs the subject lines of its marketing emails to tap into these consumer urges.

30. The fact that such statements are false and misleading has been recognized by the Federal Trade Commission, which directs that sellers should not "make a 'limited' offer which, in fact, is not limited." 16 C.F.R. § 233.5; *see also Brown v. Old Navy.*

31. Michaels uses the purportedly limited nature of these offers to send more emails to consumers, and to drive more purchases, than it otherwise might.

32. There are numerous examples of Michaels' emails that can be shown to have false and misleading information in the subject lines just by reviewing the subject lines of Michaels' emails, together with the bodies of those same emails and the follow-up emails Michaels sent for the same promotions. The facts alleged below show the types of false and misleading email subject lines Michaels sends to Maryland residents.

### C. **Michaels violates MCEMA by sending emails with subject lines that falsely represent a promotion is about to end.**

33. Michaels regularly sends emails with subject lines representing that a discount or promotion is ending imminently—using phrases such as "Last day!," "Ends soon!," "ENDS TODAY," "until tomorrow," and "LAST DAY"—when, in truth, the same promotion continues after the represented deadline, is "extended" the following day, or recurs shortly thereafter under

a new subject line. In several instances, the same email's own body or fine print discloses a validity period extending past the deadline proclaimed in its subject line.

34. For example, Michaels sent a chain of emails escalating urgency for a single Christmas tree promotion while the promotion in fact continued and was extended: on November 14, 2025, an email with the subject line "ALL TREES ON SALE … until tomorrow. Get up to 70% off while you can"; on November 15, 2025, an email with the subject line "Get 35% off with this coupon + LAST DAY to get up to 70% off Christmas Trees!"; and on November 16, 2025, an email with the subject line "EXTENDED TODAY ONLY Up to 70% off Trees." The subject line of the November 16 email was itself false: although it proclaimed the offer was available "TODAY ONLY," that same email's fine print disclosed that the offer and pricing were valid "Sunday, November 16 – Saturday, November 22, 2025"—a full week—directly contradicting both its own "TODAY ONLY" representation and the "LAST DAY" and "until tomorrow" representations Michaels had made in the preceding days.

35. As a second example, Michaels twice advertised its "Lowest Prices of the Season" sale as ending and then, the very next day, announced that the identical sale had been "extended." On September 21, 2025, Michaels sent an email with the subject line "Last day! Shop our Lowest Prices Of The Season sale."; the next day, September 22, 2025, it sent an email with the subject line "Extended today online only! Shop epic deals at our Lowest Prices of the Season." Michaels repeated the same maneuver months later: on March 21, 2026, it sent an email with the subject line "Ends soon! Shop our Lowest Prices of the Season sale.", followed the next day, March 22, 2026, by an email with the subject line "Extended today online only! Shop epic deals at our Lowest Prices of the Season." In each pairing, Michaels' own follow-up email establishes that the "last day" or "ends soon" representation in the prior day's subject line was false.

36. As a third example, on April 11, 2026, Michaels sent an email with the subject line "ENDS TODAY: Score up to 50% off," yet that same email's coupon disclosed that it was "VALID THRU THU 8/20/26"—more than four months after the "ENDS TODAY" deadline represented in the subject line. Similarly, on June 13, 2026, Michaels advertised "The Ultimate Sale" (subject line: "This. Is. Big! Get up to 60% off 1,000s of items at The Ultimate Sale and a 40% off coupon"), and then, the next day, June 14, 2026, sent an email with the subject line "Extended online – TODAY ONLY! Get up to 60% off at The Ultimate Sale"—confirming that the same sale continued past the day it was first advertised even as the June 14 subject line simultaneously represented it was available "TODAY ONLY."

37. The subject lines of these emails were false and misleading because, in each instance, the represented deadline had no relationship to when the promotion actually ended—Michaels either always planned to continue or "extend" the promotion beyond the stated deadline, or its own email disclosed a validity period reaching past the deadline proclaimed in the subject line.

**D. <u>Michaels sends commercial emails to consumers whom it knows, or has reason to know, reside in Maryland.</u>**

38. Michaels sent the misleading commercial emails to email addresses that Michaels knew, or had reason to know, were held by Maryland residents, either because (i) Michaels had a physical address associated with the recipient based on past purchases; (ii) Michaels had access to data regarding the recipient indicating which state they resided in; or (iii) information was available to Michaels upon request from the registrant of the internet domain name contained in the recipient's electronic mail address.

39. First, when a person enrolls in Michaels' rewards and marketing program—whether in a Michaels store or online—Michaels associates that person's email address with the

identifying information the person provides, which may include a mailing address, telephone number, and/or billing or shipping address.

40. Second, Michaels encourages shoppers to enroll in its rewards program. Rewards members provide and save identifying information in connection with their Michaels rewards accounts, along with their email address, such as their mailing address and telephone number.

41. Third, on information and belief, Michaels employs methods to track the effectiveness of its marketing emails and to identify consumers who click on links contained in Michaels' marketing emails, including by identifying their physical location.

42. Fourth, on information and belief, Michaels utilizes cookies, pixels, and other online tracking technologies to identify and locate the consumers who click on links contained in Michaels' marketing emails and who visit its website.

43. Fifth, on information and belief, Michaels employs sophisticated third parties who create profiles of customers and potential customers, including their email address and physical location.

44. Lastly, Michaels also knew, should have known, or had reason to know that it sends marketing emails to Maryland residents due to its retail presence in the state, including its Maryland store locations, and the volume of marketing emails it sends to people around the country.

45. At the time it sent the emails with false and misleading subject lines, Michaels had access to the data described above regarding the location of consumers in Maryland to whom it sent the emails.

**E. <u>Michaels initiated (or conspired to initiate) the transmission of illegal emails to Plaintiff and members of the Class.</u>**

46. At all times relevant to this Complaint, Plaintiff resided in Maryland.

47. On one or more occasions beginning as early as 2022, Plaintiff shopped at, and made purchases in person from, Michaels' retail store(s) located in Maryland.

48. In connection with those in-store purchases, Plaintiff provided her Gmail email addresses, each of which Plaintiff owns and controls, to Michaels at its Maryland store location(s), in order to enroll in Michaels' rewards and promotional email program. Plaintiff also provided Michaels with her telephone number, which bears a Maryland area code, when she signed up for Michaels' rewards program. Michaels associated each of Plaintiff's email addresses, and her Maryland-area-code telephone number, with her Maryland address and enrolled her in its email marketing program. Plaintiff began receiving commercial marketing emails from Michaels on or about 2022.

49. Plaintiff maintains a rewards account with Michaels that reflects her home address in the State of Maryland.

50. Plaintiff has made her purchases from Michaels in person at Michaels' retail stores located in Maryland.

51. Michaels knew, or had reason to know, that Plaintiff's email addresses are held by a Maryland resident because, among other things, (i) Plaintiff provided her email addresses, and signed up for a Michaels rewards account, in connection with in-person purchases inside Michaels' retail store(s) located within Maryland; (ii) Plaintiff provided Michaels with a telephone number bearing a Maryland area code when she enrolled in Michaels' rewards program; (iii) Plaintiff maintains an account with Michaels reflecting her home address in Maryland; and (iv) Plaintiff has made her purchases from Michaels at its Maryland retail store locations.

52. Since on or about 2022, Plaintiff has received a high volume of commercial marketing emails from Michaels.

53. MCEMA was enacted to protect Maryland residents from precisely this kind of deceptive, high-volume commercial e-mail. Each Subject Email consumed Plaintiff's time and attention and occupied space in her inbox—the very harms the statute is designed to prevent.

54. Michaels sent the following emails to Plaintiff (at the email addresses she provided to Michaels) representing that a promotion was ending imminently, when in fact the same promotion continued after the represented deadline, was "extended," or recurred (the "Subject Emails"):

| Date | Subject Line | Nature of Falsity / Misrepresentation |
|---|---|---|
| 9/21/2025 4:27 AM | "Last day! Shop our Lowest Prices Of The Season sale." | Subject line represents that September 21, 2025 was the "last day" to shop the "Lowest Prices of the Season" sale. In truth, the identical sale continued: the very next day, September 22, 2025, Michaels sent Plaintiff an email announcing the same sale was "Extended today online only'"—establishing that the "last day" representation was false. |
| 9/22/2025 6:16 AM | "Extended today online only! Shop epic deals at our Lowest Prices of the Season." | This email—sent the day after the September 21 "Last day!" email—advertised the identical "Lowest Prices of the Season" sale as "Extended", confirming that the prior day's "last day" representation was false when made. |
| 11/14/2025 8:44 AM | "ALL TREES ON SALE … until tomorrow. Get up to 70% off while you can" | Subject line represents that the tree sale would end "tomorrow" (i.e., November 15, 2025). In truth, the same promotion continued: Michaels advertised the identical tree sale as "EXTENDED TODAY ONLY" on November 16, 2025, and that November 16 email's own fine print disclosed the offer was valid "Sunday, November 16 – Saturday, November 22, 2025". |
| 11/15/2025 8:25 AM | "Get 35% off with this coupon + LAST DAY to get up to 70% off Christmas Trees!" | Subject line represents that November 15, 2025 was the "LAST DAY" for up to 70% off Christmas trees. In truth, Michaels advertised the same tree offer as "EXTENDED TODAY ONLY" the next day, November 16, 2025—establishing that the "LAST DAY" representation was false. |
| 11/16/2025 5:10 AM | "EXTENDED TODAY ONLY Up to 70% off Trees" | Subject line represents the tree offer was available "TODAY ONLY" (i.e., November 16, 2025). The same email's own fine print, however, disclosed |

| Date | Subject Line | Nature of Falsity / Misrepresentation |
|---|---|---|
| | | that the offer and pricing were valid "Sunday, November 16 – Saturday, November 22, 2025"—a full week—directly contradicting the "TODAY ONLY" representation and the preceding "LAST DAY" and "until tomorrow" representations. |
| 3/21/2026 5:36 AM | "Ends soon! Shop our Lowest Prices of the Season sale." | Subject line represents that the "Lowest Prices of the Season" sale would "end soon". In truth, the same sale continued: the next day, March 22, 2026, Michaels sent Plaintiff an email advertising the identical sale as "Extended today online only"'. |
| 3/22/2026 9:09 AM | "Extended today online only! Shop epic deals at our Lowest Prices of the Season." | This email—sent the day after the March 21 "Ends soon!" email—advertised the identical "Lowest Prices of the Season" sale as "Extended", confirming that the prior day's "ends soon" representation was false. |
| 4/11/2026 9:33 AM | "ENDS TODAY: Score up to 50% off." | Subject line represents that the up-to-50%-off offer "ENDS TODAY" (i.e., April 11, 2026). The same email's own coupon, however, was disclosed as "VALID THRU THU 8/20/26"—more than four months after the represented "ENDS TODAY" deadline. |
| 6/13/2026 4:19 AM | "This. Is. Big! Get up to 60% off 1,000s of items at The Ultimate Sale and a 40% off coupon." | Subject line advertises "The Ultimate Sale" and a 40% off coupon. The same sale did not end when advertised: the next day, June 14, 2026, Michaels sent Plaintiff an email advertising the identical "Ultimate Sale" as "Extended online – TODAY ONLY". |
| 6/14/2026 11:14 AM | "Extended online – TODAY ONLY! Get up to 60% off at The Ultimate Sale." | Subject line represents the "Ultimate Sale" was available "TODAY ONLY" (i.e., June 14, 2026), while simultaneously admitting the sale had been "Extended" from the prior day—contradicting both the "TODAY ONLY" representation and confirming the sale continued past the day it was first advertised on June 13, 2026. |

55. Michaels sent the emails identified in the table above (hereinafter the "Subject Emails") to Plaintiff for the purpose of promoting Michaels' goods for sale.

56. Michaels initiated the transmission or conspired to initiate the transmission of the Subject Emails to Plaintiff.

57. The emails identified in the table above are representative examples of the false and misleading commercial emails Plaintiff has received from Michaels. As alleged above, Plaintiff has received Michaels' commercial marketing emails continuously since on or about 2022.

58. Plaintiff has identified at least 10 such emails to date, each representing a false or misleading promotional deadline. These examples are not exhaustive; on information and belief, Michaels sent Plaintiff and members of the Class additional commercial emails with false or misleading subject lines.

59. Michaels has engaged in the conduct described above throughout the period since on or about 2022, and continues to do so.

## CLASS ACTION ALLEGATIONS

60. Plaintiff brings this action, both individually and as a class action, on behalf of similarly situated recipients of commercial electronic mail sent by Michaels pursuant to Maryland Rule 2-231 and seeks to represent the following Class, defined as:

> All Maryland residents to whom Michaels sent, within four years before the date of the filing of this complaint, an email with a subject line that states or implies that a particular promotion will end at a specified time, when in fact the same promotion continued beyond the specified end time, was extended, or recurred.

Excluded from the Class are Defendant, as well as Defendant's affiliates, employees, officers and directors, and the Judge to whom this case is assigned.

61. The Class, as defined above, is identifiable, and Plaintiff is a member of the Class.

62. Numerosity. The members of the Class are so numerous that joinder of all members is impracticable. On information and belief, Michaels sent the false and misleading commercial emails to thousands of Maryland residents. Michaels operates multiple retail stores in Maryland and sends marketing emails to Maryland residents on a daily basis. The precise number of Class

members is presently unknown but is readily ascertainable from Michaels' own records. At a minimum, the Class consists of thousands of persons.

63. Commonality. There are questions of law and fact common to the Class. These common questions include, but are not limited to:

(a) Whether the emails Michaels sent to the Class are subject to MCEMA § 14-3001, *et seq.*;

(b) Whether the subject lines of emails sent by Michaels contain false or misleading information that has the capacity, tendency, or effect of deceiving the recipient, in violation of MCEMA § 14-3002;

(c) Whether Michaels knew, or should have known, that the recipients of those emails were residents of Maryland;

(d) Whether Michaels is subject to the $500 penalty set forth in MCEMA § 14-3003 for each email it sends containing false or misleading information in the subject line;

(e) Whether Plaintiff and the Class are entitled to statutory damages, attorneys' fees, and costs; and

(f) The nature and extent of class-wide injury and damages.

64. Typicality. Plaintiff's claims are typical of the claims of the Class. Plaintiff, like every other member of the Class, received commercial emails from Michaels bearing subject lines that contained the same categories of false or misleading information, and Plaintiff's claims arise from the same course of conduct and the same legal theories as those of the Class.

65. Adequacy. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has no interests antagonistic to, or in conflict with, the interests of the Class; is committed

to vigorously prosecuting this action; and has retained counsel experienced in handling consumer class actions and complex consumer litigation.

66. Predominance. Questions of law and fact common to the Class predominate over any questions affecting only individual members. The central questions—whether Michaels' subject lines contained false or misleading information and whether Michaels is liable for statutory damages under MCEMA—are common to the Class and can be resolved with common, largely documentary evidence drawn from Michaels' own email and marketing records.

67. Superiority. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Because each individual claim involves a relatively small amount, the cost of prosecuting individual actions would be prohibitive, and the likelihood that individual Class members would prosecute separate actions is remote. Class treatment presents no unusual difficulties of management and conserves the resources of the parties and the Court.

68. Ascertainability. The Class is readily ascertainable. The identities of Class members and the emails they received can be determined from Michaels' own marketing, email-service-provider, and customer records.

## CAUSE OF ACTION

## COUNT ONE
**(Violation Of Maryland Commercial Electronic Mail Act § 14-3001, *et seq.*)**

69. Plaintiff re-alleges and incorporates by reference the allegations set forth herein, and further alleges:

70. The Maryland Commercial Electronic Mail Act ("MCEMA") § 14-3001 defines "Commercial Electronic Mail" as "electronic mail that advertises real property, goods, or services for sale or lease."

71. The Subject Emails are "Commercial Electronic Mail," as the purpose of those emails was to advertise goods or services for sale.

72. MCEMA § 14-3002(b)(1)-(2)(iii) contains the following prohibition related to Commercial Electronic Mail: "A person may not initiate the transmission [that]… is sent to an electronic mail address that the sender knows or should have known is held by a resident of the State[, which] [c]ontains false or misleading information in the subject line that has the capacity, tendency, or effect of deceiving the recipient."

73. Michaels is the defendant that initiated the transmission of the Subject Emails.

74. MCEMA § 14-3002(c) contains the following presumption: "[a] person is presumed to know that the intended recipient of commercial electronic mail is a resident of the State if the information is available on request from the registrant of the Internet domain name contained in the recipient's electronic mail address."

75. Information concerning the residency of Plaintiff and members of the Class is (and was) available on request from the registrant of the Internet domain name contained in Plaintiff's and members of the Class's electronic mail address.

76. Plaintiff and members of the Class have provided Michaels with a mailing address and/or telephone number and/or other identifying information in connection with their enrollment in Michaels' rewards program and their purchases from Michaels.

77. Plaintiff and members of the Class enrolled in Michaels' rewards program and provided identifying information, including their email address, mailing address, and/or telephone number, in connection with that enrollment.

78. At the time it sent the Subject Emails, Michaels had access to the data described above regarding the location of consumers in Maryland to whom it sent the emails.

79. Defendant had reason to believe that all individuals (a) with a Maryland based area code, including 240, 301, 410, 443, or 667 were residents of Maryland at the time the Subject Emails were sent; and (b) who signed up to receive Michaels' emails inside of a Michaels store located within Maryland were residents of Maryland at the time those emails were sent.

80. Plaintiff and members of the Class are and were, in fact, residents of Maryland at the time Michaels transmitted the Subject Emails.

81. Plaintiff and members of the Class were the intended recipients of the Subject Emails.

82. Michaels knew or should have known that Plaintiff and members of the Class, the intended recipients of the aforementioned emails, are (and were) residents of the State of Maryland when Michaels sent the emails.

83. MCEMA § 14-3003(1) provides that "[a] person who violates this subtitle is liable for reasonable attorney's fees and for damages . . . [t]o the recipient of commercial electronic mail, in an amount equal to the greater of $500 or the recipient's actual damages[.]"

84. Under MCEMA, it is irrelevant whether the aforementioned emails were solicited.

85. In violation of MCEMA § 14-3002(b)(1)-(2)(iii), the Subject Emails (and many other emails sent by Michaels) contained a subject line with false or misleading information, in the ways described above.

86. Michaels' sending of each Subject Email is a discrete violation of MCEMA § 14-3002*, et seq*.

87. Because the Subject Emails contained false or misleading information in their subject lines, Plaintiff's claims are not preempted by the federal CAN-SPAM Act, 15 U.S.C. §

7701, *et seq.*, which does not preempt state statutes to the extent they prohibit falsity or deception in commercial electronic mail. 15 U.S.C. § 7707(b)(1).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment as follows:

A. An order assuming jurisdiction of this case;

B. An order certifying the Class under Maryland Rule 2-231;

C. An order appointing Plaintiff as representative of the Class, and undersigned counsel as Class counsel for the Class;

D. An order awarding statutory damages pursuant to MCEMA § 14-3003 ($500 per violation) for Plaintiff and the members of the Class;

E. An award of attorneys' fees, pursuant to MCEMA § 14-3003;

F. An award of pre-judgment and post-judgment interest on all sums awarded to Plaintiff and the members of the proposed Class; and

G. Such other relief as the Court deems appropriate.

*Pursuant to Maryland Rule 2-305, Plaintiff states that her individual claim for relief under MCEMA § 14-3003 totals at least $5,000, based on the at least 10 emails specifically identified to date ($500 per email), and will increase to the extent additional violating emails are identified through discovery, exclusive of the claims of absent Class members.*

## DEMAND FOR JURY TRIAL

Pursuant to Maryland Rule 2-325, Plaintiff demands a jury trial on all issues so triable.

Dated: August 24, 2026

Respectfully submitted,

*/s/ Gary E. Mason*
Gary E. Mason (MD Bar No. 15033)
(ID 0106080003)
Danielle L. Perry (MD Bar No. 2602051015)
**MASON & PERRY LLP** (*Local Office*)
7315 Wisconsin Avenue, Suite 400W
Bethesda, MD 20814-3224
Telephone: (202) 429-2290
gmason@masonllp.com
dperry@masonllp.com

**MASON & PERRY LLP** (*Main Office*)
5335 Wisconsin Avenue NW, Suite 640
Washington, DC 20015

*Attorneys for Plaintiff*